IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPABO ICE CREAM CORP. d/b/a<br>MISTER SOFTEE and<br>MISTER SOFTEE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>E. PIEDAD RIVERA d/b/a MISTER SOFTEE<br>ET AL.<br><br>Defendants. | CIVIL ACTION NO.<br>1:07-cv-08628-PAC |

**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT,
PERMANENT INJUNCTION AND ATTORNEY'S FEES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2) AND LOCAL CIVILRULE 55.2(b)**

Plaintiffs Spabo Ice Cream Corp. ("Spabo") and Mister Softee, Inc. ("Mister Softee"), (collectively the "Plaintiffs"), by their undersigned counsel, submit this Motion for Entry of Judgment by Default, Permanent Injunction and Attorney's Fees pursuant to Fed.R.Civ. P. 55(b)(2) and L.R. 55.2(b) and in support thereof aver as follows:

1. Plaintiffs initiated this action by filing a complaint against E. Piedad Rivera d/b/a Mister Softee ("Rivera"), Jorge H. Verdugo ("Verdugo"), Parra Sun, Inc. ("Parra Sun"), Haydee Cordon ("Cordon"), Claudia Zapata ("Zapata"), and Ramon A. Pacheco ("Pacheco") (collectively the "Defendants") alleging that they have operated and continue to operate mobile ice cream truck businesses in New York for the sale of soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products. A true and correct copy of the Complaint is attached hereto, incorporated herein by reference, and marked as Exhibit "A".

2. Plaintiffs further alleged that the Defendants' mobile ice cream trucks infringed on Mister Softee's registered trademarks and trade dress, in that: (1) the paint scheme on the trucks is almost identical to Mister Softee's trucks or otherwise incorporates and uses Mister Softee's trademarks and trade dress without Mister Softee's authorization; (2) most defendants use trade names and marks identical to or confusingly similar to Mister Softee's trademarks; and (3) most defendants use menu boards which are either stolen from Mister Softee or copied without authorization from Mister Softee's authorized menu boards.

3. In their Complaint, Plaintiffs seek injunctive relief, an accounting of and judgment for profits to which Plaintiffs may be entitled and other monetary damages, including punitive damages and attorney's fees from the Defendants.

4. Plaintiffs served the following Defendants with a copy of the summons and complaint on the following dates:

    a. Rivera on October 12, 2007;

    b. Verdugo on November 2, 2007;

    c. Parra Sun on October 27, 2007;

    d. Cordon on November 5, 2007;

    e. Zapata on December 1, 2007; and

    f. Pacheco on November 3, 2007.

True and correct copies of the Affidavits of Service are attached hereto, incorporated herein by reference, and marked as Exhibit "B."

5. Defendants failed to answer or move with respect to the complaint within the time required by Federal Rule of Civil Procedure 12(a)(1)(A). No extension to file an answer has been granted. Accordingly, the Clerk has certified the default of each Defendant and entered

defaults against each Defendant. The Clerk's certificate is attached hereto, incorporated herein by reference, and marked as Exhibit "C".

8. Plaintiffs have expended $26,472.58 in attorney's fees and costs in this action. See Affidavit of Paul J. Cianci, which is attached hereto, incorporated herein by reference, and marked as Exhibit "D". The Affidavit sets forth the legal and factual bases for Plaintiffs' claims for attorney's fees and expenses plus: the hours spent by each attorney, the reasonable hourly rate for each attorney, a description of the services rendered, the dates services were rendered, and a description of the expenses incurred.

9. Each Defendant is responsible for approximately one-sixth of the costs and fees incurred by Plaintiffs in this six-defendant case, or $4,412.10.

**WHEREFORE**, Plaintiffs respectfully request, in accord with the attached proposed form of default judgment, that the Court enter Judgment by Default and a Permanent Injunction in favor of Plaintiffs and against Defendants E. Piedad Rivera, Jorge H. Verdugo, Parra Sun, Inc., Haydee Cordon, Claudia Zapata, and Ramon A. Pacheco, jointly and severally, as follows:

(A) A permanent injunction enjoining the Defendants, their agents, employees and any person acting in concert with them from using Mister Softee, Inc.'s proprietary trademarks and trade dress or any colorable imitation in any manner whatsoever;

(B) A permanent mandatory injunction requiring the Defendants to deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the word and/or symbol that is the subject of the trademark or trade dress violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

(C)   A permanent mandatory injunction requiring Defendants to make all appropriate alterations to their trucks so as not to use Mister Softee's proprietary trade dress or colorable imitation in any manner whatsoever; and

(D)   Judgment in the amount of $4,412.10, against each of the Defendants, pursuant to 15 U.S.C. §1117(a).

Respectfully submitted,

**FISHER ZUCKER LLC**

Dated: March 14, 2008          By: _____
Paul J. Cianci
21 South 21st Street
Philadelphia, PA 19103
(215) 825-3100
Attorneys for Plaintiffs Spabo Ice Cream Corp. and Mister Softee, Inc.

4