# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SPABO ICE CREAM CORP. d/b/a<br>MISTER SOFTEE<br>748 Southern Boulevard<br>Bronx, New York 10455<br><br>MISTER SOFTEE, INC.<br>901 E. Clements Bridge Rd.<br>Runnemede, NJ 08078<br><br>      Plaintiffs,<br>v.<br><br>E. PIEDAD RIVERA d/b/a MISTER SOFTEE<br>427 Turneur Ave., Apt. 1F<br>Bronx, NY 10473<br><br>JORGE H. VERDUGO<br>944 Phoenix Ave., 2Fl.<br>Peekskill, NY 10566<br><br>PARRA SUN, INC.<br>1051 Hollywood Ave.<br>Bronx, NY 10456<br><br>HAYDEE CORDON<br>1805 Crotona Ave., 17D<br>Bronx, NY 10474<br><br>CLAUDIA ZAPATA<br>1201 Oak Point Ave.<br>Bronx, NY 10474<br><br>RAMON A. PACHECO<br>16 E. 177th St., Apt. 1E<br>Bronx, NY 10453<br><br>      Defendants. | 07-CV-8628<br>ECF CASE  (PAC) |

## CIVIL ACTION - COMPLAINT

### THE PARTIES

1.  Plaintiff Spabo Ice Cream Corp., d/b/a Mister Softee ("Spabo") is a New York corporation with an address at 748 Southern Boulevard, Bronx, NY 10455. Spabo is a sub-franchisor of Mister Softee, Inc. ("Mister Softee"), and has the exclusive right to sell Mister Softee franchises in a designated region (the "Designated Region") under a Distributor Agreement with Mister Softee, Inc. Pursuant to the Distributor Agreement, Spabo was given the right to use and license others the right to use Mister Softee's federally registered trademarks, trade dress and proprietary business system (referred to collectively as the "Trademarks and Trade Dress") in conjunction with the offering and sale of franchises in certain areas including the Bronx, NY.

2.  Plaintiff Mister Softee is a New Jersey corporation with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey 08078. Mister Softee owns the trademark "Mister Softee" and the trade dress comprising the distinctive look of the Mister Softee mobile soft ice cream truck. Mister Softee has been using its trademarks and trade dress since 1956, and has devoted a substantial amount of time and money developing, advertising and promoting its trademarks and trade dress.

3.  Spabo and Mister Softee (collectively, the "Plaintiffs") bring this action against the various individuals and entities that are using Mister Softee's Trademarks and Trade Dress in the Bronx, NY and the surrounding area without authorization. Defendants are infringing the Trademarks and Trade Dress, and are unfairly competing with Mister Softee and Spabo licensees, all of whom paid and continue to pay royalty fees for the right to

use the Trademarks and Trade Dress. Plaintiffs bring this action to protect the goodwill associated with the Trademarks and Trade Dress, and to protect Plaintiffs' licensees who are being harmed as a result of the Defendants' unauthorized use of the Trademarks and Trade Dress. Since the Defendants are not affiliated with Spabo or Mister Softee, Plaintiffs have no ability to ensure that Defendants are storing and dispensing their ice cream and other food products in compliance with applicable health standards and laws.

4. Defendants are individuals who operate mobile soft ice cream trucks using trade names and trade dress that are confusingly similar to the Trademarks and Trade Dress (collectively, the "Defendants"). As a result of Defendants' unauthorized use and infringement of the Trademarks and Trade Dress, Plaintiffs seek injunctive relief and monetary damages. Pictures showing an authentic Mister Softee truck are attached hereto as Exhibit "A".

5. Defendant E. Piedad Rivera ("Rivera") is an individual with an address at 427 Turneur Ave, Apt. 1F, Bronx NY 10473.

6. Defendant Jorge H. Verdugo ("Verdugo") is an individual with an address at 944 Phoenix Ave., 2nd Fl., Peekskill, NY 10566.

7. Defendant Parra Sun, Inc. ("Parra Sun") is a corporation with a business address at 1051 Hollywood Ave., Bronx, NY 10456.

8. Defendant Haydee Cordon ("Cordon") is an individual with an address at 1805 Crotona Ave., Apt. 17D, Bronx, NY 10474.

9. Defendant Claudia Zapata ("Zapata") is an individual with an address at 1201 Oak Point Ave., Bronx, NY 10474.

10. Defendant Ramon A. Pacheco ("Pacheco") is an individual with an address at 16 E. 177th St., Apt. 1E, Bronx, NY 10453.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that Mister Softee's claims against each defendant are based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 *et seq*.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) in that all defendants reside in this judicial district and 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## THE MISTER SOFTEE SYSTEM

13. Mister Softee is a family owned business which has been in operation since 1956. Mister Softee, through its affiliate, is the franchisor of Mister Softee mobile ice cream truck businesses which sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products.

14. Mister Softee franchisees are licensed to use Mister Softee's trade names, service marks and trademarks and to operate under the Mister Softee business system, using specially designed mobile trucks with special equipment, equipment layouts, interior and exterior accessories, menu displays, identification schemes, products, management programs, standards, specifications, proprietary marks and information. The relationship between Mister Softee and its franchisees is governed by the terms and conditions of the Mister Softee Dealer Franchise Agreement entered into between either Mister Softee or Spabo, as an exclusive distributor of Mister Softee franchises, and each franchisee.

15.  Mister Softee owns the trademarks "Mister Softee" and related logos which are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918, 0667335 and 0663456. Mister Softee owns the trademark for the "Mister Softee Jingle" which consists of the musical jingle played by Mister Softee trucks at Registration No. 2218017. Additionally, Mister Softee owns a federal trademark registration for the overall design of the Mister Softee ice cream truck, registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357

16.  Mister Softee also created and uses the marks "Tu-Tone Cone," "Twinkletop Conehead," "Cherry Top Conehead," "Chocolate Top Conehead" and "Devil's Delight Conehead." The term "Conehead" refers to Mister Softee's cartoon logo of an ice cream cone with a smiling face and bow tie. Only authorized licensees are permitted to use Mister Softee's Trademarks and Trade Dress.

17.  Mister Softee and its franchisees have continuously used and advertised Mister Softee's trademarks, trade names, trade dress and musical jingle throughout the region. Mister Softee's trademarks, trade names, trade dress and musical jingle distinguish its business and its franchises from similar businesses and are widely known and recognized by consumers. Mister Softee first began using its marks and trade dress in 1956 and first registered the above marks in 1958. The Mister Softee musical jingle was composed in 1960.

18.  Mister Softee trucks solicit business by traveling through various neighborhoods and playing the Mister Softee musical jingle. Mister Softee's customer base predominately comprises young children and their parents.

19. Mister Softee trucks are inherently distinctive in appearance. The design and appearance of Mister Softee trucks are arbitrary and nonfunctional. Mister Softee trucks are white with a blue trim which borders the bottom of each truck. The wheels on Mister Softee trucks are also blue. Mister Softee's Conehead is predominately displayed on the sides and back of each Mister Softee truck. Each side of a Mister Softee truck contains a sliding glass window used to service customers. A menu display in each window titled "Mister Softee Treats" in red, cursive print, advertises various ice cream products and their prices. The display windows also contain designed advertisements printed on plastic for specialty products including, but not limited to, "Devil's Delight Conehead," "Cherry Top Conehead," "Chocolate Top Conehead," "Twinkletop Conehead," "Banana Boat," "Strawberry Sundae," "Hawaiian Pineapple Sundae," "Chocolate Nut Sundae," "Cherry Sundae," "Chocolate Sundae," "Tu-Tone Cone" and "Cart Wheel." The name "Mister Softee" is printed on these advertisements. Each truck is also equipped with a music box and loudspeaker through which the Mister Softee musical jingle is played to attract customers.

20. Mister Softee trucks have distinctive lettering and wording on the sides and back of their trucks. Along the bottom side of the trucks above the blue trim, in big blue block letters with green frosting, are the words "Shakes Sundaes Cones." On the back of each Mister Softee truck, there is wording in red block letters that reads "Watch For Our Children SLOW!" and there are pictures of a boy and girl wearing their seatbelt which read "Safety First."

21. Each of these elements make an authentic Mister Softee truck unique and distinctly identifiable to the consuming public as a Mister Softee mobile ice cream business.

### THE INFRINGERS

22.     Defendant Rivera conducts a business selling soft serve ice cream and similar products through the use of a mobile truck (NY PL # 32009JX). The truck is white with blue trim which borders the bottom of the truck. Each side of the truck contains a sliding glass window used to service customers. A menu display in each window titled "Mister Softee Treats" in red, cursive print. The menu board also contains advertisements that are made to resemble authentic Mister Softee advertisements. The truck displays decals made to resemble authentic Mister Softee decals, including: 1.) that of a shake in a blue and white container on the door of the truck, with the words "Delicious Shakes" displayed below the decal in red cursive print; 2.) a large red sundae, resembling Mister Softee's Cherry Sundae, on the side of the truck next to the sliding service window. The truck displays the phrase "the Very Best" on its hood in red, cursive print. At least one side of the truck displays the words "SHAKES," "SUNDAES," and "CONESs" in blue, block lettering. The back of the truck reads "Watch for Our Children" in red, block lettering, and displays a pictures of a boy and a girl wearing seat belts which read "Safety First." True and correct copies of Rivera's Department of Motor Vehicle ("DMV") registration for the truck, and copies of pictures of the truck are attached as Exhibit "B."

23.     Defendant Verdugo conducts a business selling soft-serve ice cream and similar products through the use of a mobile truck. Defendant Verdugo's truck (NY PL # 76292JW) is white with blue trim which borders the bottom of the truck. The truck displays the phrase "the Very Best" on the front and back of the truck. The truck display decals made to resemble authentic Mister Softee decals, including: 1.) that of a large red sundae, resembling the Cherry Sundae decal, that appears next to the truck's sliding glass service window, as well as on the back of the truck, with the word "Sundaes" underneath the decals

in blue, cursive print; 2.) that of a two-tone ice cream cone (vanilla and chocolate) on the side and back of the truck; and 3.) that of a shake in a blue and white container on the door of the truck and on the back of the truck, with the words "Delicious Shakes" displayed below the decal in blue, cursive print. The bottom sides of the truck display the words "SUNDAES," "SHAKES," and "CONES" in blue, block lettering. The back of the truck reads "SLOW! Watch for Our Children" in red block lettering, and there are decals displayed of a boy and girl wearing their seatbelts, which read "Safety First." True and correct copies of Verdugo's DMV registration for the truck, and copies of pictures of the truck are attached as Exhibit "C."

24. Defendant Parra Sun conducts a business selling soft-serve ice cream and similar products through the use of a mobile truck. Defendant Parra Sun's truck (NY PL # 76069JW) is white with blue trim which borders the bottom of the truck, and the truck also has blue wheel rims. At least one side of the truck contains a sliding glass window used to service customers. A menu display in that window is titled "Soft Ice Cream" in red, cursive print. The menu board also contains advertisements that are made to resemble authentic Mister Softee advertisements. The truck displays decals which are made to resemble authentic Mister Softee decals, including: 1.) a large red sundae that appears next to the truck's sliding glass service window; and 2.) a shake in a blue and white container with the words "Delicious Shake" below the decal in red, cursive print. The truck displays the words "SUNDAES," "SHAKES," and "CONES" on at least one side in blue, block lettering, at the bottom above the blue trim. The back of the truck reads "SLOW!" in red block lettering. The truck also has a yellow stop sign with red letters that extends from the truck to warn other

drivers to slow down. True and correct copies of Parra Sun's DMV registration for the truck, and copies of pictures of the truck are attached as Exhibit "D."

25. Defendant Cordon conducts a business selling soft-serve ice cream and similar products through the use of a mobile truck. Defendant Cordon's truck (NY PL # 35171JV) is white with blue trim which borders the bottom of the truck, and the truck also has blue wheel rims. At least one side of the truck contains a sliding glass window used to service customers. A menu display in that window is titled "Soft Treats" in red, cursive print. The menu board also contains advertisements that are made to resemble authentic Mister Softee advertisements. The truck displays Mister Softee designed decals, including a red sundae next to the sliding glass service window with the word "Sundaes" in red cursive below the decal. The truck displays "Soft Ice Cream" on its hood in blue, cursive print, and on the side of the truck in red, cursive print.. The words "CONES" and "SHAKES" are displayed above the truck's windshield in red, block lettering. The words "CONES," "SUNDAES," and "SHAKES" appear on the bottom of at least one side of the truck in green and blue block capital letters above the blue trim. True and correct copies of Cordon's DMV registration for the truck, and copies of pictures of the truck are attached as Exhibit "E."

26. Defendant Zapata conducts a business selling soft-serve ice cream and similar products through the use of a mobile truck. Defendant Zapata's truck (NY PL # 77342JU) is white with blue trim which borders the bottom of the truck. At least one side of the truck contains a sliding glass window used to service customers. A menu display in that window is titled "Soft Treats" in red, cursive print. The menu board also contains advertisements that are made to resemble authentic Mister Softee advertisements. The truck displays Mister Softee designed decals, including: 1.) a red sundae next to the sliding glass service window

9

in a blue and white bowl, with the word "Sundaes" in red cursive below the decal; 2.) a shake in a blue and white container with the words "Shakes" below the decal in red, cursive print The truck displays "Soft Ice Cream" on its hood in blue, cursive print, and on the side of the truck in red, cursive print. The words "CONES," "SUNDAES," and "SHAKES" appear on the bottom of at least one side of the truck in green and blue block capital letters above the blue trim. The hood and at least one side of the truck display the words "Soft Ice Cream" in red, cursive print. True and correct copies of Zapata's DMV registration for the truck, and copies of pictures of the truck are attached as Exhibit "F."

27. Defendant Pacheco conducts a business selling soft-serve ice cream and similar products through the use of mobile trucks. Defendant Pacheco's truck (NY PL # 42873JS) is white with blue trim which borders the bottom of the truck. The truck displays decals made to resemble those authentic decals and advertisements displayed on Mister Softee trucks, including a red sundae next to the sliding glass service window. The truck's menu board displays advertisements that are made to resemble authentic Mister Softee advertisements. Additionally, the hood of truck displays the words "Soft Ice Cream" in red cursive print. The back of the truck displays "STOP FOR CHILDREN" in red and white block lettering. The truck also has a yellow stop sign with red letters that extends from the truck to warn other drivers to slow down. True and correct copies of Pacheco's DMV registration for the truck, and copies of pictures of the truck are attached as Exhibit "G."

## COUNT I

### Trademark Infringement and Unfair Competition

28. Plaintiffs incorporate the averments contained in paragraphs 1 through 27 as if fully set forth in this paragraph.

29.     Defendants have utilized and benefited from their unauthorized use of the Trademarks and Trade Dress in the operation of their mobile ice cream truck businesses without Plaintiffs' permission and with the knowledge that Plaintiffs have not consented to their use of the Trademarks and Trade Dress.

30.     Defendants willfully intended to trade on Mister Softee's reputation and cause dilution of the Trademarks.

31.     Defendants are guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, *et seq.* Defendants' use of the Trademarks constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to their being affiliated, connected or associated with Mister Softee in violation of 15 U.S.C. §1125(a). Defendants' conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

32.     Defendants' continued operation of their mobile ice cream trucks also causes dilution of Mister Softee's famous marks in violation of 15 U.S.C. §1125(c).

33.     Defendants' continued operation as set forth above has caused and will cause Plaintiffs irreparable injury in that Plaintiffs will have difficulty franchising Defendants' trading areas, which include Spabo's exclusive territory; business will be diverted from the Trademarks and Trade Dress; the Trademarks and Trade Dress will be diluted and taken from Plaintiffs' control; and Plaintiffs will lose profits and revenues which, because of Defendants' conduct, cannot be readily calculated. Additionally, because Defendants are not affiliated with Spabo or Mister Softee, Plaintiffs have no ability to ensure that Defendants are storing and dispensing their ice cream products in compliance with applicable health standards and laws.

34.     Plaintiffs have no adequate remedy at law because it cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mister Softee Trademarks and Trade Dress as a result of Defendants' conduct.

35.     Plaintiffs' immediate and irreparable harm will continue unless Defendants are enjoined from continuing to use Mister Softee's Trademarks and Trade Dress.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against the Defendants as follows:

i.     A preliminary and permanent injunction enjoining the Defendants and their agents, employees, and any person acting in concert with them, from using Mister Softee's Trademarks and Trade Dress or any colorable imitation in any manner whatsoever;

ii.    An accounting of and judgment for the profits to which Spabo and/or Mister Softee, may be entitled;

iii.   Treble damages pursuant to 15 U.S.C. § 1117;

iv.    An order requiring the Defendants to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in their possession bearing the word and/or symbol that is the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

v.     Punitive Damages;

vi.    Attorneys' fees;

vii.   Costs of this action; and

viii.  Such further relief as this Court deems just and proper.

## COUNT II

### Trade Dress Infringement

36. Plaintiffs incorporate the averments contained in paragraphs 1 through 35 as if fully set forth in this paragraph.

37. The type and size of the trucks used by the Defendants are virtually the same as those used by Spabo and Mister Softee.

38. The color combinations and designs of Defendants' trucks are virtually identical to those used by Mister Softee and licensed by Spabo.

39. The advertising displays used by many of the Defendants on their trucks are the same or confusingly similar to those used by Mister Softee.

40. Defendants are guilty of trade dress infringement pursuant to the Lanham Act, 15 U.S.C. §1051, *et seq.* Defendants are using the foregoing trade dress without Spabo's or Mister Softee's permission. Defendants' trade dress for their mobile trucks constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to being affiliated, connected or associated with Spabo or Mister Softee in violation of 15 U.S.C. §1125(a).

41. Defendants have used and benefited from Plaintiffs' trade dress. As a result of Defendants' use of such trade dress, Defendants have also benefited from Mister Softee's goodwill developed through and associated with its trademarks and trade names since 1956.

42. Defendants' continued operation also causes dilution of the Trademarks in violation of 15 U.S.C. §1125(c).

43. Defendants' continued operation as set forth above has caused and will cause Spabo irreparable injury in that Spabo will have difficulty franchising Defendants' trading

areas; business will be diverted from Mister Softee and Spabo, as an authorized distributor, as well Mister Softee franchisees; the goodwill related to the Trademarks and Trade Dress will be diluted and taken from Plaintiffs' control; and Plaintiffs will lose profits and revenues which, because of Defendants' conduct, cannot be readily calculated.

44. Plaintiffs have no adequate remedy at law because it cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Trademarks and Trade Dress as a result of Defendants' conduct.

45. Plaintiffs' immediate and irreparable harm will continue unless Defendants are enjoined from continuing to infringe Mister Softee's trade dress.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against the Defendants as follows:

i. A preliminary and permanent injunction enjoining the Defendants and their agents, employees and any person acting in concert with them from using Mister Softee's Trademarks and Trade Dress or any colorable imitation in any manner whatsoever;

ii. An accounting of and a judgment for the profits to which Spabo. or Mister Softee may be entitled;

iii. Treble damages pursuant to 15 U.S.C. § 1117;

iv. An order requiring Defendants to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the word and/or symbol that is the subject of the trade dress violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118;