# Exhibit "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPABO ICE CREAM CORP. d/b/a<br>MISTER SOFTEE and<br>MISTER SOFTEE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>E. PIEDAD RIVERA d/b/a MISTER SOFTEE<br>ET AL.<br><br>Defendants. | CIVIL ACTION NO.<br>1:07-cv-08628-PAC<br><br>AFFIDAVIT FOR<br>JUDGMENT BY DEFAULT |

Commonwealth of Pennsylvania  )
                              )  ss.:
County of Philadelphia        )

Paul J. Cianci, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court (admitted *pro hac vice*) and am associated with the firm of Fisher Zucker LLC, attorneys for plaintiffs in the above-entitled action, and I am familiar with all the facts and circumstances in this action.

2. I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiffs' Motion ("Motion") for Entry of Judgment by Default, Permanent Injunction and Attorney's Fees against Defendants.

3. Plaintiffs initiated this action on October 5, 2007, by filing a summons and complaint against E. Piedad Rivera d/b/a Mister Softee ("Rivera"), Jorge H. Verdugo ("Verdugo"), Parra Sun, Inc. ("Parra Sun"), Haydee Cordon ("Cordon"), Claudia Zapata ("Zapata"), and Ramon A. Pacheco ("Pacheco") (collectively the "Defendants"). In the Complaint, Plaintiffs alleged that Defendants have operated and continue to operate mobile ice

cream truck businesses in New York for the sale of soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products. A true and correct copy of the Complaint is attached to the Motion as its Exhibit "A" and is incorporated herein by reference.

4. Plaintiffs further alleged that the Defendants' mobile ice cream trucks infringed on Mister Softee's registered trademarks and trade dress, in that: (1) the paint scheme on the trucks is almost identical to Mister Softee's trucks or otherwise incorporates and uses Mister Softee's trademarks and trade dress without Mister Softee's authorization; (2) most defendants use trade names and marks identical to or confusingly similar to Mister Softee's trademarks; and (3) most defendants use menu boards which are either stolen from Mister Softee or copied without authorization from Mister Softee's authorized menu boards.

5. Jurisdiction of the subject matter of this action is based on 28 U.S.C. §§ 1331 and 1338 in that Mister Softee's claims against each Defendant are based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

6. The Court has personal jurisdiction over the Defendants because Defendants have operated and continue to operate mobile ice cream truck businesses in New York for the sale of soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products, infringing upon Mister Softee's registered trademarks and trade dress.

7. In their Complaint, Plaintiffs seek injunctive relief, an accounting of and judgment for profits to which Plaintiffs may be entitled and other monetary damages, including punitive damages and attorney's fees from the Defendants.

8. Plaintiffs served the following Defendants with a copy of the summons and complaint on the following dates:

    a. Rivera on October 12, 2007;

  b.  Verdugo on November 2, 2007;

  c.  Parra Sun on October 27, 2007;

  d.  Cordon on November 5, 2007;

  e.  Zapata on December 1, 2007; and

  f.  Pacheco on November 3, 2007.

True and correct copies of the Affidavits of Service are attached to the Motion as its Exhibit "B" and are incorporated herein by reference.

  9.  A copy of the summons and complaint was served on the following defendants in the following manner, and proofs of service of the summons and complaint were filed on the following dates:

| Defendant | Method of Service | Date Proof of Service Filed |
|---|---|---|
| E. Piedad Rivera | Service upon Raphael Garcia, an individual who stated he was authorized to accept service on behalf of E. Piedad Rivera. | October 25, 2007 |
| Jorge H. Verdugo | Service by affixing summons and complaint to a conspicuous part of the door of 944 Phoenix Avenue, Peekskill, New York, 10566; previous attempts were made on 10/13/07, 10/15/07, 10/23/07 and 10/31/07; thereafter, on November 5, 2007, a copy of the summons and complaint was mailed to the defendant. | November 6, 2007 |
| Parra Sun, Inc. | Service upon Carmine Conte, who stated he was authorized to accept service on behalf of the corporation. | October 29, 2007 |
| Haydee Cordon | Service by affixing summons and complaint to a conspicuous part of the door of 1805 Crotona Avenue, Apt. 17D, Bronx, New York, 10474; previous attempts were made on 10/12/07, 10/13/07, 10/16/07, 10/22/07 and 10/31/07; thereafter, on November 5, 2007, a copy of the summons and complaint was mailed to the defendant. | November 6, 2007 |
| Claudia Zapata | Service by affixing summons and complaint to a conspicuous part of the door of 1201 Oak Point Avenue, Bronx, New York, 10474; previous attempts were made on 11/14/07, 11/15/07, 11/20/07, 11/23/07 and 11/27/07; thereafter, on December 1, 2007, a | December 6, 2007 |

3

| | copy of the summons and complaint was mailed to the defendant. | |
|---|---|---|
| Ramon A. Pacheco | Service by affixing summons and complaint to a conspicuous part of the door of 16 East 177th Street, Apt. 1E, Bronx, New York, 10453; previous attempts were made on 10/12/07, 10/15/07, 10/17/07, 10/24/07 and 10/31/07; thereafter, on November 5, 2007, a copy of the summons and complaint was mailed to the defendant. | November 6, 2007 |

10. Defendants Rivera, Verdugo, Cordon, Zapata, and Pacheco are adult individuals and are not in the military or incompetent persons.

11. Defendant Parra Sun is a corporation, and thus is not a person.

12. Defendants failed to answer or move with respect to the complaint within the time required by Federal Rule of Civil Procedure 12(a)(1)(A). No extension to file an answer has been granted. Accordingly, the Clerk has certified the default of each Defendant and entered defaults against each Defendant. The Clerk's certificate is attached to the Motion as its Exhibit "C" and is incorporated herein by reference.

13. Plaintiffs have expended $26,472.58 in attorney's fees and costs in this action. No Defendant has paid to Plaintiffs any portion of those attorney's fees and costs.

14. Under 15 U.S.C. § 1117(a), in a trademark infringement action "the court, in exceptional cases may award reasonable attorney fees to the prevailing party." While the statute does not explicitly define the term "exceptional," an award of attorney's fees is appropriate where the infringement is intentional. Quaker State Oil Refining Corp. v. Kooltone, Inc., 649 F.2d 94, 217 U.S.P.Q. 11 (2d Cir. 1981) ("deliberate and willful" is alone sufficient to award attorney's fees of $50,000); Shen Mfg. Co. v. Suncrest Mills, Inc., 673 F. Supp. 1199, 4 U.S.P.Q.2d 1438 (S.D.N.Y. 1987) (intentional copying of plaintiff's trade dress makes it an "exceptional" case for attorney's fees and "punitive damages"); Centaur Communications, Ltd. v.

4

A/S/M Communications, Inc., 830 F.2d 1217, 4 U.S.P.Q.2d 1541 (2d Cir. 1987) ("deliberate and willful infringement" can render a case "exceptional").

15. Plaintiffs alleged in their complaint, and Defendants admit by their default, that Defendants knowingly infringed on Mister Softee's trademarks and trade dress and that they willfully intended to trade on Mister Softee's reputation and cause dilution of its trademarks. Additionally, the uncontested evidence supports the inescapable conclusion that Defendants' use of Mister Softee's trademarks in violation of 15 U.S.C. § 1125 was knowing and willful. Not only have Defendants infringed upon Mister Softee's trade name and trade dress, but they have also intentionally. The Exhibits attached to the Complaint make that conclusion unavoidable. For the foregoing reasons, Mister Softee is entitled to its reasonable attorney's fees under 15 U.S.C. § 1117(a).

16. Attached to this Affidavit as its Exhibit "1" are professional services billings from the law firms of Fisher Zucker LLC and Einbinder & Dunn, LLP, which specify the hours spent by each attorney, the reasonable hourly rate for each attorney, a description of the services rendered, the dates services were rendered, and a description of the expenses incurred. Attorneys or legal assistants indicated by the following initials in the billings are:

| **For Einbinder & Dunn:** | **For Fisher Zucker, LLC:** ||
|---|---|---|
| ME: Michael Einbinder<br>RG: Ross Gould<br>AH: Alycia Huckabey<br>KZ: Kimia Sharifi | JZ: Jeffrey Zucker<br>PC: Paul Cianci<br>FR: Frank Reino | DA: David Allsman<br>BG: William Graefe<br>DJ: Dana Jelepis |

17. Each of the Defendants is responsible for approximately one-sixth of the costs and fees incurred by Plaintiffs in this six-defendant case, or $4,412.10.

WHEREFORE, Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendants.

Dated: March 14, 2008

_____
Paul J. Cianci

Sworn to before me this /4/
day of March, 2008.

_____
Notary Public

```
CINDY BROOKS
NOTARIAL SEAL
PHILADELPHIA CITY, PHILADELPHIA COUNTY
STATE OF PENNSYLVANIA
MY COMMISSION EXPIRES
11-10-2008
```